UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL ARNOLD,

        Plaintiff,

Case No. 15-10608

Honorable Nancy G. Edmunds

v.

STEVEN RIVARD, ET AL.,

        Defendants.

_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S DECEMBER 23, 2015 REPORT AND RECOMMENDATION [49] AND DENYING PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS ON APPEAL [54]**

Plaintiff Earl Arnold, a Michigan prisoner appearing *pro se*, filed this civil rights lawsuit against Defendants Corizon Health Services L.L.C., Dr. Kirtida Patel, and several Michigan Department of Corrections ("MDOC") employees. In essence, Plaintiff asserts that Defendants violated his Constitutional rights by failing to provide adequate mental health treatment.

Currently before the Court is Magistrate Judge Morris' Report and Recommendation to dismiss Plaintiff's complaint without prejudice for failing to exhaust his administrative remedies. [49]. Plaintiff has since lodged several objections to the Magistrate's Recommendation, which the Court considers here. [50, 51, 52]. For the reasons that follow, the Court OVERRULES Plaintiff's objections, ADOPTS the Report and Recommendation, and DISMISSES the case.

This Court performs a *de novo* review of those portions of Magistrate Judge Morris' Report and Recommendation to which Plaintiff has objected. 28 U.S.C. § 636(b). The Court

need not and does not perform a *de novo* review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).  Moreover, an objection that "does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.'" *Aldrich v. Bock,* 327 F. Supp. 2d. 743, 747 (E.D. Mich. 2004). Indeed, the purpose of an objection to a report and recommendation is to provide the Court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Id.* (quoting *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981)).

Here, Plaintiff's lone objection–repeated in three separate submissions to the Court–is that, contrary to the Grievance Report attached to Defendant Patel's motion, Plaintiff "sent Step III [g]reiveances in and [has] exhausted all remedies required." (Dkt. No. 50).  But this assertion is directly contradicted by Plaintiff's own representations and the record before the Court. Indeed, in his complaint, Plaintiff concedes that "he was unable to exhaust his grievances due to the modified grievance status." (Compl. ¶ 21, Dkt. 1).  The Sixth Circuit has held that MDOC's "modified access policy" does not deny a prisoner "the right or ability to seek redress from a meritorious grievance[]", rather "it merely requires the prisoner to obtain permission from the grievance coordinator to file a grievance." *Corsetti v. McGinnis*, 24 F. App'x 238, 241 (6th Cir. 2001).  In this way, there can be no argument that Plaintiff's restricted status prohibited him from complying with MDOC's grievance procedure.

Moreover, according to MDOC's "Prisoner Step III Grievance Report", all of Plaintiff's Step III appeals were "*returned to Plaintiff* under cover letter requesting Step I and II

2

documents."[1] (Patel Mot. to Dismiss, Ex. 1, Dkt. 40) (emphasis added). There is no question that "exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983." *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S. Ct. 2378, 2383, 165 L. Ed. 2d 368 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* (citations omitted). The reason for this is simple; "courts should not topple over administrative decisions unless the administrative body not only has erred, but has erred against objection made at the time appropriate under its practice." *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37, 73 S.Ct. 67, 97 L.Ed. 54 (1952). While it is the defendant's burden to plead and prove a prisoner's failure to exhaust his administrative remedies, *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 919–21, 166 L.Ed.2d 798 (2007), "once Defendants produce evidence showing that Plaintiff has failed to exhaust, Plaintiff must show that there is a genuine issue of material fact regarding whether he complied with the exhaustion requirement." *Johnson v. La'Count*, No. 07-248, 2009 WL 884627, at *3 (W.D. Mich. Mar. 27, 2009).

---

[1] The Court notes the divergence of opinion on the proper vehicle for a motion to dismiss based on a failure to exhaust administrative remedies. While the Sixth Circuit has not affirmatively addressed this issue, the court, in *Twohig v. Riley*, No. 12–11832, 2013 U.S. Dist. LEXIS 99852 (E.D. Mich. June 13, 2013) *adopted by* 2013 U.S. Dist. LEXIS 99472 (E.D.Mich. July 17, 2013), offered a concise summary of the problem. *Id.* at *9. In sum, *Twohig* concluded that the most logical approach is to treat a motion to dismiss in this context as an unenumerated Rule 12(b) motion. *Id.* at *9. At least one other court in this district has adopted this approach. *McCormick v. Corizon Health, Inc.*, No. 13-11098, 2014 WL 897371, at *3 (E.D. Mich. Mar. 6, 2014). This Court agrees with *Twohig* and *McCormick* and will treat Patel's motion to dismiss as an unenumerated Rule 12(b) motion. As such, the Court may take judicial notice of Plaintiff's "administrative grievances for purposes of determining exhaustion of administrative remedies . . . ." *Bradfield v. Corr. Med. Servs.*, No. 07-1016, 2008 WL 5685586, at *5 (W.D. Mich. July 3, 2008) *report and recommendation adopted*, No. 07-1016, 2009 WL 514251 (W.D. Mich. Feb. 27, 2009).

Here, Plaintiff argues that even if MDOC did send him letters indicating that his grievances were improperly filed, "the facility did not forward any of them to [him] while [he] was in the [sic] programe, or even when [he] came back to prison." (Plf.'s Obj. 2, Dkt. 52). But this does not excuse Plaintiff's obligation to exhaust his administrative remedies and obtain a decision "on the merits" before filing suit. Indeed, there is nothing in the record–by way of affidavit or otherwise–to suggest that Plaintiff followed-up with MDOC's Grievance and Appeals Section to inquire why his complaint was allegedly never processed. Moreover, this argument is inconsistent with Plaintiff's admission that "he was unable to exhaust his grievances due to the modified grievance status." (Compl. ¶ 21, Dkt. 1). "As a result of [Plaintiff's] failure to properly exhaust his administrative remedies, or to offer evidence creating a genuine issue of fact regarding his reasons [for] that failure, [Patel's] motion to dismiss should be granted, and [Plaintiff's] complaint should be dismissed without prejudice." *McCormick,* 2014 WL 897371, at *5.

Finally, the Court must also consider Plaintiff's request to appeal this decision *in forma pauperis.* (Dkt. 54). In *Owens v. Keeling*, 461 F.3d 763, 774 (6th Cir. 2006), the Sixth Circuit held that Federal Rule of Appellate Procedure 24(a) governs the procedure for consideration of all requests to proceed IFP on appeal. Under that Rule, where, as here, a party was granted *in forma pauperis* status in the district-court action, that party "may proceed on appeal in forma pauperis without further authorization, unless. . . the district court–before or after the notice of appeal is filed–certifies that the appeal is not taken in good faith . . . . " Fed. R. App. P. 24(a). "The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous." *Tebbets v. Madison Cty. Jail*, No. 15-1055, 2015 WL 5732572, at *1 (W.D. Tenn. Sept. 30,

4

2015) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). It would be inconsistent for this Court to certify Plaintiff's appeal after concluding that he has failed to exhaust his administrative remedies. *See Gallagher v. Wilkinson*, 75 F. App'x 453, 454-55 (6th Cir. 2003) (summarily affirming district court's dismissal of plaintiff's compliant where he "did not attach proof of exhaustion or describe with specificity any administrative proceedings or their outcomes, . . . . ").

Accordingly, the Court finds that any appeal taken by Plaintiff in this matter would not satisfy the good faith requirement under Rule 24. Leave to proceed *in forma pauperis* on appeal is therefore DENIED. If Plaintiff wishes to pursue this matter on appeal he must (1) pay the full filing fee and any relevant costs, or (2) contest the certification decision by filing a separate motion to proceed as a pauper with the Court of Appeals.

For the reasons thus stated, the Court OVERRULES Plaintiff's objections, ADOPTS the Magistrate Judge's Report and Recommendation, and DISMISSES the complaint WITHOUT PREJUDICE.


SO ORDERED.


s/Nancy G. Edmunds_____
Nancy G. Edmunds
United States District Judge

Dated: March 8, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 8, 2016, by electronic and/or ordinary mail.

s/Carol J. Bethel_____
Case Manager